AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
At Albuquerque NM
NOV 10 2015
MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>LG LEON TITAN 4G LTE CELLULAR TELEPHONE,<br>SERIAL NUMBER 351608079946641, MODEL MS345 | ) ) ) ) ) ) Case No. 15-MR-728 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attchment A

located in the _____State and_____ District of _____New Mexico_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Sections 1324 | Bringing in and harboring certain aliens |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Steven Lopez, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 10, 2015

City and state: Albuquerque, New Mexico

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF LG LEON TITAN 4G LTE CELLULAR TELEPHONE, SERIAL NUMBER 351608079946641, MODEL MS345, CURRENTLY LOCATED AT 5441 WATSON DRIVE SE, ALBUQUERQUE, NM 87106 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Steven G. Lopez, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent (SA) with the Department of Homeland Security, U.S. Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed by HSI as such since April 2002. I have been a federal law enforcement officer for over 18 years in total with Homeland Security Investigations and the United States Customs Service.

3. I have received extensive training and practical experience pertaining to federal criminal procedures, federal criminal statutes, United States Immigration and Nationality law,

United States Customs laws and regulations, and other federal and state laws pertaining but not limited to: Alien Smuggling/Human Trafficking, the importation and distribution of controlled substances, bulk cash smuggling, firearms, commercial fraud, counter proliferation investigations and conspiracy. I am authorized, and presently assigned to investigate violations of Alien Smuggling/Human Trafficking in violation of Title 8 United States Code, Section 1324/1326 and other violations of federal law. I have attended the Criminal Investigator Training Program (CITP), and United States Customs Special Agent Training Program (CBIS) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia.

4. I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training from other law enforcement officers, investigators, and Special Agents; interviews of informants and arrestees; and interviews of other knowledgeable individuals.

5. Based on my training and experience, I am familiar with matters including, but not limited to, the means and methods used by persons and alien smuggling/human trafficking organizations (DTO) to guiding and transport of illegal aliens and to hide profits generated from those type of transactions.

   a. Alien Smugglers/Human Traffickers often conceal names, addresses, telephone numbers, email addresses, or other pertinent codes and/or contact information for their current or past illegal source(s) of supply, customers, or criminal associates in the electronic memory of their cellular telephones.

2

    b. Alien Smugglers/Human Traffickers often conceal photographs of evidence, vehicles, locations, or photographs of alien smuggling/human trafficking associates in the electronic memory of their cellular telephones.

    c. Alien Smugglers/Human traffickers often communicate with their source(s) of supply, customers, or criminal associates by text messaging and/or email from their cellular telephones. Accordingly, pertinent texts and/or email messages are often stored in the electronic memory of their cellular telephones.

    d. Alien Smugglers/Human traffickers must maintain and have quick access to large amounts of United States currency or other liquid assets in order to maintain and finance their ongoing criminal business. As such they often store bank account information, ledgers, or lists of where assets are stored in the electronic memory of their cellular telephones.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is a **LG MS345 Cellular Telephone, Serial Number 351608079946641, MODEL MS345**, hereinafter the "Device." The Device is currently located at 5441 WATSON DRIVE SE, ALBUQUERQUE, NM 87106.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. On October 21, 2015, HSI Agents were contacted by Officer Joshua Campos of the New Mexico State Police Department concerning a silver Ford Taurus bearing Arizona Plate number BMT 1087 that he had stopped near mile marker 126, East bound on Interstate 40 and cited for speeding.

10. The Officer noticed four (4) male passengers in the rear seat of the vehicle not wearing seat belts. The Officer also noted the driver Hector ENAMORADO-Enamorado did not have a driver's license. In general conversation, ENAMORADO-Enamorado told the Officer that he and his passengers were driving from Phoenix, Arizona to Atlanta, Georgia. ENAMORADO-Enamorado stated that they were going to stay with his sister for two (2) months and help her paint an apartment.

11. After conducting the traffic business, the Officer engaged ENAMORADO-Enamorado in conversation and asked ENAMORADO-Enamorado if he was a United States citizen. ENAMORADO-Enamorado told the Officer that he was not nor were his passengers. The Officer then made contact with Border Enforcement Security Task Force (BEST) Agents who determined the driver to have been possibly previously deported. The driver and passengers were transported to the Homeland Security officer, where it was determined two (2) of the occupants and the driver, ENAMORADO-Enamorado , were previously deported from the United States and arrested. The other three (3) passengers were determined to be illegally present in the United States and processed for removal to their respective countries.

12. All of the passengers of the vehicle were interviewed. All of the passengers stated that they illegally crossed into Arizona from Mexico and paid smugglers for this service. Each of the passengers stated that they were picked up on a highway and taken to either Tucson or Phoenix, Arizona. Each of the passengers stated that they stayed in a home in an unknown location for a few days until they were picked up by ENAMORADO-Enamorado to be taken to their final destinations.

13. During the interview of Hector ENAMORADO-Enamorado, he allowed agents to briefly look through his cellular telephone identified as **LG MS345 Cellular Telephone, Serial Number 351608079946641, MODEL MS345.** The following cellular telephone numbers in the "recently called" section were noted by Special Agent Steven Lopez: 510.827.7963; 602.715.7083 and 602.515.5403. ENAMORADO-Enamorado stated that the cellular telephone number 602.515.5403 belonged to his girlfriend named Maria ALVA, the owner of the vehicle. Investigative efforts did not reveal any records associated with the 602.515.5403 cell number. ENAMORADO-Enamorado was asked if he were smuggling the passengers from Arizona to the East Coast of the United States, although he would not admit to the violation.

14. Special Agent Steven Lopez searched the vehicle driven by ENAMORADO-Enamorado and found an Arizona Vehicle Registration form. This form was a match for the 2003 Ford Taurus bearing Vehicle Identification Number 1FAFP55U73A142753 and plate number AZ - BMT 1087, driven by ENAMORADO-Enamorado. The person that registered the vehicle is named Mary Flor ALVIDREZ of 2200 W. Van Buren Street #C105, Phoenix, Arizona. Investigative efforts revealed that Mary Flor ALVIDREZ was seen at an identified alien "drop

5

house" in Phoenix, Arizona on or about August 05, 2015. Further investigation revealed that Mary Flor ALVIDREZ had a previous vehicle seized with marijuana found in the gas tank.

15. The Device is currently in the lawful possession of the Department of Homeland Security, Homeland Security Investigations (HSI). It came into HSI's possession in the following way: The Device was seized incident to ENAMORADO-Enamorado's arrest. Therefore, while HSI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

16. The Device is currently in storage at 5441 WATSON DRIVE SE, ALBUQUERQUE, NM 87106. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of HSI.

## TECHNICAL TERMS

17. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and

from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address

so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

d. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

18. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, a digital camera, a PDA, and is capable of accessing the internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

20. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file)..

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

information necessary to understand other evidence also falls within the scope of the warrant.

    e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

23.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Steven G. Lopez
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
on November 10, 2015:

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The property to be searched is a **LG MS345 Cellular Telephone, Serial Number 351608079946641, MODEL MS345**, hereinafter the "Device." The Device is currently located at 5441 WATSON DRIVE SE, ALBUQUERQUE, NM 87106.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1. All records on the Device described in Attachment A that relate to violations of Title 8, United States Code, Sections 1324 and involve ENAMORADO-Enamorado since October 1, 2015, including:

    a. lists of contacts and related identifying information;

    b. any information related to sources of alien smuggling/human trafficking (including names, addresses, phone numbers, or any other identifying information);

    c. any information recording Hector ENAMORADO-Enamorado's schedule or travel from October 1, 2015 to the present;

    d. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.